**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

CARLOS DULEY,

    Petitioner,                                  Case No. 2:09-CV-13892

v.                                                  HONORABLE GERALD E. ROSEN
                                                          CHIEF UNITED STATES DISTRICT JUDGE

ERIC BALCARCEL,

    Respondent,

_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY

### I. Introduction

Petitioner, Carlos Duley, was convicted following a jury trial in Wayne Circuit Court of two counts of assault with intent to commit great bodily harm less than murder, MICH. COMP. LAWS, 750.84, felon in possession of a firearm, MICH. COMP. LAWS 750.224f, carrying a concealed weapon, MICH. COMP. LAWS 750.227, and discharge of a firearm from a motor vehicle, MICH. COMP. LAWS 750.234a. Petitioner's pro se petition for writ of habeas corpus, filed under 28 U.S.C. §2254, asserts that he is being held in custody in violation of his constitutional rights. For the reasons that follow, the Court will deny the petition.

### II. Background

The charges against Petitioner arose from an incident occurring on the evening October 6, 2004. Rodney Carter testified at trial that he was driving his car that evening in Detroit with his nephew, Darrell Sanders, and his seven-year-old godson, Isaiah Moses. Carter stopped at a stop sign, and another car traveling behind them almost rear-ended them. The other car pulled up along side Carter's car.

Carter identified Petitioner as the driver of the other vehicle. Petitioner asked Carter what he was looking at. Carter replied that he did not want any trouble and that he had a child in the car. Petitioner told a man sitting in his front passenger seat to shoot at them. Carter then heard three shots. One bullet struck him in the arm. Petitioner then sped away in his car.

Carter testified that he was treated at the hospital for his gunshot wound. Later at the police station he was shown approximately ten photographs, and he picked out Petitioner as the driver of the other car.

Terrell Sanders testified that he was seated in the front passenger seat in Carter's car. He also heard Petitioner tell his passenger to shoot them. When he saw the gun drawn by the passenger, Sanders ducked down and heard three shots. Sanders recognized Petitioner from a motorcycle club called the Soul Stars.

Petitioner's eleven-year-old stepdaughter testified that on the evening of the incident Petitioner was babysitting her and her nine-month old brother. She recalled the day because every two weeks on a Wednesday her mother received an unemployment check and went shopping.

Following arguments, instructions, and deliberations, the jury found Petitioner guilty of two counts of the lesser offense of assault with intent to commit great bodily harm, as well as the firearm offenses. The trial court subsequently sentenced Petitioner as a third-time habitual felony offender to concurrent terms of 9½-to-20 years for the assault conviction, 38 months-to-10 years for the felon in possession conviction, 38 months-to-10 years for the carrying a concealed weapon conviction, and 38 months-to-8 years for the discharge of a firearm conviction.

Petitioner filed an appeal of right in the Michigan Court of Appeals. He was appointed appellate counsel who filed an appellate brief that raised one claim:

> I. Petitioner was denied the effective assistance of counsel when his counsel approved the jury instructions which failed to include an instruction regarding identification testimony.

Petitioner also filed his own pro se brief, which raised a second claim:

> II. Petitioner was denied the effective assistance of counsel when counsel failed to call Katinia Cook as an alibi witness.

The Michigan Court of Appeals rejected both claims on the merits in an unpublished decision. *People v. Duley*, 2006 Mich. App. LEXIS 2602 (Mich. Ct. App. Aug. 24, 2006). Petitioner filed an application for leave to appeal in the Michigan Supreme Court and raised the same claims that had been presented to the Michigan Court of Appeals. The Michigan Supreme Court denied leave to appeal. *People v. Duley*, 477 Mich. 951 (2006) (table).

Petitioner then filed a motion for relief from judgment in the trial court, raising four claims:

> I. Petitioner had insufficient notice that he was being charged as a habitual offender and his counsel was ineffective for failing to object to the inadequate notice.
>
> II. The sentencing guidelines were scored incorrectly, and counsel was ineffective for failing to object to the error.
>
> III. Petitioner's trial counsel was ineffective for failing to: (A) object to prosecutorial misconduct; (B) challenge inconsistent evidence offered by the prosecution witnesses; and (C) present a police witness to impeach the credibility of a prosecution witness.
>
> IV. Petitioner was denied the effective assistance of appellate counsel for failing to present these issues during his appeal of right.

The trial court denied the motion by opinion dated November 13, 2007, finding that none of Petitioner's claims had merit. Petitioner appealed this decision, but the Michigan Court of Appeals denied leave to appeal for failure to demonstrate entitlement to relief under Michigan Court Rule 6.508(D)(3). *People v. Duley*, No. 284737 (Mich. Ct. App. August 5, 2008). Petitioner appealed this decision to the Michigan Supreme Court. The court ordered Petitioner to be resentenced in light of

a guideline scoring error, but it otherwise denied the application for leave to appeal. *People v. Duley*, 483 Mich. 911 (2009) (table). Petitioner was subsequently resentenced by the trial court, and his controlling sentence of 9½-to-20 years was reduced to 8-to-20 years.

Petitioner then filed the instant petition for writ of habeas corpus, raising the following claims:

> I. Petitioner was deprived of his Sixth Amendment right to effective assistance of counsel where his attorney failed to object when his sentence was enhanced predicated on an offense which he was acquitted, and where the prosecutor did not provide the defense with adequate notice nor file the requisite proof of service with the county clerk's office indicating that they were seeking sentencing enhancement on the Petitioner being a purported habitual offender. Thus, Petitioner is entitled to habeas relief and resentencing.
>
> II. Petitioner was deprived of his Sixth Amendment right to effective assistance of counsel where his attorney made numerous errors in failing to object to flagrant prosecutorial misconduct, failed to ensure the jury had access to evidence critical to the Petitioner's alibi defense, failed to protect Petitioner's right to the presumption of innocence and a fair trial, and failed to lay a proper foundation for the admission of critical evidence.
>
>> A. The prosecutor committed prejudicial error which defense counsel failed to object to when she:
>>
>>> 1. Attacked the sole defense witness by leveling unsupported charges of perjury against her, declaring her incompetent and unbelievable because she was 11 years-old, and shifting the burden of proof by suggesting that [Petitioner] had a duty to produce a witness to vouch for the credibility of the sole alibi witness; and
>>>
>>> 2. Gave unsworn testimony by telling the jury that the alibi witness was instructed to lie on the witness stand, giving explicit detail as to what she was told to say, and implicitly, identifying who told her to say it.
>
> III. Petitioner was deprived of his Sixth Amendment right to effective assistance of counsel where:

> A. His attorney failed to ensure the admission of critical evidence showing show key prosecution witnesses had questionable credibility after their testimony proved to significantly differ from their police reports;
>
> B. His attorney failed to present a police witness and report prepared by the witness to impeach the credibility of key prosecution witnesses after the police had interviewed the complainants regarding the identification of their attacker.

IV. Petitioner was deprived of his Sixth and Fourteenth Amendment due process clause right to effective assistance of appellate counsel where counsel on appeal omitted significant and obvious issues

V. Petitioner was deprived of his Sixth Amendment right to effective assistance of trial counsel where counsel failed to call an important exculpatory witness.

VI. Petitioner was deprived of his Sixth Amendment right to effective assistance of trial counsel where counsel failed to object to the trial court's omission of a critical jury instruction on eyewitness identification or request an instruction.

### III. Standard of Review

Review of this case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Pursuant to the AEDPA, Petitioner is entitled to a writ of habeas corpus only if he can show that the state court's adjudication of his claims on the merits-

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Simply stated, under section 2254(d), Petitioner must show that the state court's decision "was either contrary to, or an unreasonable application of, [the Supreme] Court's clearly established precedents, or was based upon an unreasonable determination of the facts."

*Price v. Vincent*, 538 U.S. 634, 639 (2003).

A state court's decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). A state court's decision is an "unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413. A state court decision "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding, § 2254(d)(2)." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

### IV. Discussion

All six of Petitioner's claims assert that various acts and omissions by his counsel constituted ineffective assistance of counsel. Because the state court's rejection of each of these claims was neither contrary to, nor involved an unreasonable application of, clearly established Supreme Court law, the claims are without merit.

**A. Failure to Object to Errors at Sentencing**

Petitioner's first claim asserts that his trial counsel was ineffective for failing to object at sentencing to the scoring of the guidelines, and he argues that his counsel failed to object to Petitioner being sentenced as a habitual offender.

Respondent argues that review of this claim–as well as all the claims Petitioner raised in his motion for relief from judgment–is barred by Petitioner's procedural default of failing to raise

6

the claims during his appeal of right. The claims are not defaulted. The Michigan Court of Appeals relied on Michigan Court Rule 6.508(D) when it denied Petitioner's applications for leave to appeal on collateral review of his conviction. However, the United States Court of Appeals for the Sixth Circuit has held that "[b]rief orders citing Michigan Court Rule 6.508(D) are not explained orders invoking a procedural bar." *Guilmette v. Howes*, 624 F.3d 286, 289 (6th Cir. 2010). This Court therefore must look to the last-reasoned state court opinion to determine the basis for the state court's rejection of Petitioner's claims. *Id.* at 291. The last-reasoned opinion was the trial court's decision on Petitioner's motion for relief from judgment. Because that court adjudicated Petitioner's federal claims on the merits, this Court finds that Petitioner's claims are not procedurally defaulted.

Turning to the merits, in *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court set forth a two-prong test for determining whether a habeas petitioner has received the ineffective assistance of counsel. First, a petitioner must prove that counsel's performance was deficient. This requires a showing that counsel made errors so serious that he or she was not functioning as counsel as guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687. Second, the petitioner must establish that counsel's deficient performance prejudiced the defense. Counsel's errors must have been so serious that they deprived the petitioner of a fair trial or appeal. *Id.*

As to the performance prong, a petitioner must identify acts that were "outside the wide range of professionally competent assistance" in order to prove deficient performance. *Id.* at 690. The reviewing court's scrutiny of counsel's performance is highly deferential. *Id.* at 689. Counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Id.* at 690. The petitioner bears the burden of

7

overcoming the presumption that the challenged actions were sound trial strategy. *Id.* at 689.

To satisfy the prejudice prong under *Strickland*, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is one that is sufficient to undermine confidence in the outcome. *Id.* "On balance, the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." *Id.* at 686.

Because Petitioner's claims were adjudicated on the merits, § 2254(d) governs review. *See Sutton v. Bell*, 645 F.3d 752, 755 (6th Cir. 2011). "The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Harrington*, 131 S. Ct. at 788 (internal and end citations omitted). "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard. *Id.* at 788.

Here, the trial court's decision to reject Petitioner's first habeas claim on the merits was not unreasonable under this standard. With respect to Petitioner's counsel failure to object to sentencing him as a habitual offender, Petitioner makes two allegation: (1) that he did not receive adequate notice of the enhancement, and (2) that he was acquitted of the offense that formed the basis for the enhancement.

As a matter of due process, Petitioner was entitled only to reasonable notice of the prosecutor's intent to seek an enhancement based on Petitioner's habitual offender status and an opportunity to challenge that status. *See Oyler v. Boles*, 368 U.S. 448, 452, (1962). A hearing was

8

held in the trial court on April 23, 2009, regarding the alleged lack of notice. The trial court made findings of fact undermining the claim. The court found that the original criminal complaint and warrant filed on November 5, 2004, both contained the habitual offender charge. The court also found that when Petitioner was arraigned on that same day in the state district court, he was informed by the magistrate of the habitual offender charge. Lastly, the trial court noted that on November 17, 2004, a preliminary examination was held in which, Petitioner was again informed that he faced a habitual offender charge. These factual findings by the state court are presumed correct unless overcome by Petitioner by clear and convincing evidence. 28 U.S.C. §2254(e)(1).

Petitioner has not overcome the factual findings by clear and convincing evidence. A review of the preliminary examination transcript confirms that Petitioner received notice of the enhancement. See T 11-17-04, at 3. Also, the Information, included with the Rule 5 material, reflects that Petitioner was charged as a third-time habitual felony offender. Accordingly, Petitioner's counsel did not perform deficiently by failing to object to a lack of notice, and Petitioner was not prejudiced by his counsel's decision not to object.

Petitioner also asserts that his habitual offender status was determined by including an offense for which he was acquitted. Both the criminal complaint and the criminal information alleged that Petitioner had been convicted on August 10, 2000, of assault with intent to murder, and on June 5, 1992, with carrying a concealed weapon. The presentence investigation report, on the other hand, states that Petitioner's prior record includes the June 5, 1992, conviction, an August 10, 2000, conviction for possession of less than 25 grams of cocaine and carrying a concealed weapon, and a 1994 Federal narcotics conviction entered in Minnesota.

Any perceived error by the trial court in relying upon incorrect information regarding the basis for Petitioner's August 10, 2000, conviction was harmless beyond a reasonable doubt. *See Ellis v. Barnhart*, No. 06-13772, 2009 U.S. Dist. LEXIS 86738, 2009 WL 3064786, *13 (E.D. Mich. Sept. 21, 2009) (citing *Lindsey v. Smith*, 820 F.2d 1137, 1154 (11th Cir. 1987); *Barnes v. Estelle*, 518 F.2d 182, 183 (5th Cir. 1975)). The fact that this offense was incorrectly listed as an assault rather than a carrying concealed weapon is of no moment. Had Petitioner's counsel objected to the mistake, it would not have changed the fact that Petitioner still had at least two prior felony convictions and was still therefore eligible to be sentenced as a third-time habitual offender.

As for counsel's failure to object to the guideline scoring, the error was acknowledged by the Michigan Supreme Court. Petitioner's case was remanded for resentencing, and at the resentencing hearing the correction was made to the guidelines. As a result, the trial court lowered Petitioner's controlling minimum sentence on the assault conviction to eight years from nine and one-half years. Accordingly, Petitioner was not prejudiced by his counsel's failure to object to the guidelines scoring at the original sentencing hearing because any error was caught and corrected in the state courts.

**B. Failure to Object to Prosecutorial Misconduct**

Petitioner's second claim asserts that his counsel provided ineffective assistance at trial by failing to object to the misconduct of the prosecutor. Specifically, Petitioner claims that the prosecutor improperly argued that Petitioner's alibi witness was not credible, and that the jury should disbelieve the alibi defense because Petitioner did not call his girlfriend to corroborate the defense.

The United States Supreme Court has stated that prosecutors must "refrain from improper

methods calculated to produce a wrongful conviction." *Berger v. United States*, 295 U.S. 78, 88 (1935). The United States Court of Appeals for the Sixth Circuit has adopted a two-part test for determining whether prosecutorial misconduct violates a defendant's due process rights. *See Macias v. Makowski*, 291 F.3d 447, 452 (6th Cir. 2002) (citing cases). First, the court must determine whether the challenged statements were indeed improper. *Id*. at 452. Upon a finding of impropriety, the court must decide whether the statements were flagrant. *Id*. Flagrancy is determined by an examination of four factors: (1) whether the statements tended to mislead the jury or prejudice the accused; (2) whether the statements were isolated or among a series of improper statements; (3) whether the statements were deliberately or accidentally before a jury; and (4) the total strength of the evidence against the accused. *Id*.; *see also Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000) (citing *United States v. Francis*, 170 F.3d 546, 549-550 (6th Cir. 1999)). "[T]o constitute the denial of a fair trial, prosecutorial misconduct must be 'so pronounced and persistent that it permeates the entire atmosphere of the trial,' or 'so gross as probably to prejudice the defendant.'" *Pritchett v. Pitcher*, 117 F.3d 959, 964 (6th Cir. 1997) (citations omitted).

In closing argument, the prosecutor suggested that it was unlikely that the eleven-year old alibi witness was able to remember the details of an unremarkable day occurring the previous year. The prosecutor went on to question why Petitioner did not call the child's mother to corroborate her testimony. This line of argument was not improper. The prosecution is free to comment on the defense's failure to call any witnesses to contradict the government's case, except where the defendant alone has the information to do so. *United States v. Snow*, 552 F.2d 165, 168 (6th Cir.1977). Nothing prevents the prosecution from commenting on the failure of the defense to call other witnesses, particularly where the defendant suggests that such witnesses exist. *Gall v. Parker*,

231 F.3d 265, 311 (6th Cir.2000). Here, it was reasonable for the prosecutor to suggest that had Petitioner actually babysat the alibi witness on the evening in question, that the mother would have been able to confirm that fact. Because the argument was not improper, Petitioner's trial counsel did not perform deficiently by failing to object to it.

## C. Failure to Impeach Prosecution Witnesses

Petitioner's third claim asserts that his counsel was ineffective in the manner he attempted to impeach the credibility of Sanders and Carter.

First, Petitioner asserts that his counsel should have moved for admission of a police report that indicates that Sanders identified Petitioner as the shooter. At trial, Sanders testified that Petitioner was the driver of the vehicle and that the passenger was the shooter. He testified that he recognized Petitioner from the Soul Star bar. In the police report recounting Sanders's statement, the shooter was labeled "perpetrator 1," and the driver was labeled "perpetrator 2." The statement indicates that Sanders recognized "perpetrator 1" from the Soul Star. Petitioner notes that during their deliberations, the jury asked to be provided with Sanders's police statement. The trial court denied the request because the statements was not entered as a trial exhibit.

Under state evidentiary law, evidence of a prior inconsistent statement is admissible only for the purpose of impeaching the witness, and may not be used as substantive evidence. *See People v. Jenkins*, 450 Mich. 249, 256, 260 (1995). Extrinsic evidence of a prior inconsistent statement is admissible to impeach a witness so long as the witness is afforded an opportunity to admit or deny the same. See MICH. R. EVID. 613(b). But extrinsic evidence may not be used to impeach a witness on a collateral matter even if the extrinsic evidence constitutes a prior inconsistent statement of the witness, which is otherwise admissible under Rule 613(b). *People v. Rosen*, 136

12

Mich. App. 745, 758 (1984).

Evidence that one of the complaining witnesses previously identified Petitioner as the shooter instead of the driver, and then reversed his position at trial, would likely have been found not to be collateral. Therefore, it is reasonable to believe that had counsel moved to admit the report into evidence, it would have been admitted. But that does not mean that counsel performed deficiently by failing to move for admission of the statement. This is not a case where the witness denied that he made the prior statement. Sanders admitted the discrepancy in his statement, and counsel exploited that admission on cross-examination. The prosecutor also acknowledged the difference, and attempted to have Sanders explain that it was the report that was mistaken and that his testimony was accurate. The written report did not contain any additional impeaching material that had not already been acknowledged by Sanders and the prosecutor. And, in any event, as the prosecutor noted in closing argument, the salient point is that Sanders at all times identified Petitioner as one of the two men in the other car. His testimony at trial that Petitioner was the driver and not the shooter was actually more favorable to Petitioner than his statement to police that described Petitioner as the shooter. It was reasonable for Petitioner's trial counsel deal with the situation as he did–by harping on the fact that Sander's changed his story–without offering a document into evidence that indicated that Petitioner was the shooter.

Next, Petitioner notes that Rodney Carter also identified Petitioner at trial as the driver and an unidentified passenger as the shooter. Petitioner has attached a copy of an "Investigator's Report" prepared by Officer Kohl that indicates that Carter identified Petitioner as the shooter at a lineup identification procedure about a month after the incident. Defense counsel cross-examined Carter about his implausible account of the incident at the stop sign spanning five to ten minutes,

and his failure to give a description of the perpetrators to the police. Counsel did not perform deficiently by failing to impeach Carter with his alleged statement to police that identified Petitioner as the shooter. Instead, he chose to attack Carter's credibility by suggesting that his account of the encounter was implausible and pointing out that Carter was unable to describe the perpetrators to the police. While counsel might also have pointed out the inconsistency in Carter's statement, the statement nevertheless still had Petitioner as one of the two perpetrators, and worse, placed the gun in his hands. The Court will not second-guess counsel's decision to forgo this double-edged sword. More to the point, the decision of the trial court that counsel was not ineffective was at least reasonable. Accordingly, this claim is without merit and cannot form the basis for granting habeas relief.

**D. Failure to Raise Claims in Appeal of Right**

Petitioner next claims that his appellate counsel was ineffective because he did not raise the previous issues during Petitioner's appeal of right. Because, for the reasons stated above, the claims are without merit, Petitioner was not prejudiced by his counsel's failure to raise them in his brief. "[A]ppellate counsel cannot be found to be ineffective for 'failure to raise an issue that lacks merit.'" *Shaneberger v. Jones*, 615 F. 3d 448, 452 (6th Cir. 2010)(quoting *Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001)).

**E. Failure to Call Alibi Witness**

In his fifth claim, Petitioner asserts that his counsel was ineffective for failing to call Katrina Cook–Deja Payton's mother–as an alibi witness. Petitioner raised this claim during his appeal of right in his pro se brief. He included an affidavit from Cook stating:

> I have lived with Carlos Rico Duley for six years, and we have two children. On October 6, 2004, between the hours of 3:30 p.m. and 9:30 p.m. Carlos Duley was

14

babysitting our daughter, Deja Payton (11 years old), and our six month old son, Carlos Rico Duley Jr. while I was doing some Christmas shopping. I remember that Wednesday because my unemployment check comes over other Wednesday.

The Michigan Court of Appeals nevertheless denied the claim as follows:

> Nor do we find merit in defendant's supplemental claim that trial counsel was ineffective in failing to call Cook as an alibi witness. Indeed, we find that defendant cannot overcome the presumption that counsel employed sound trial strategy in failing to call this witness. *See, generally, People v. Mitchell*, 454 Mich. 145, 163 (1997). The proposed testimony set forth in Cook's affidavit simply mirrors the testimony given at trial by Cook's daughter. It cannot be said that this cumulative testimony likely would have produced a different outcome at trial. *See* [*People v.*] *Carbin*, [463 Mich. 590] at 599-600 [(2001)], *People v. Dixon*, 263 Mich. App. 393, 398, and *People v. Kelly*, 186 Mich. App. 524, 526 (1990).

*Duley*, 2006 Mich. App. LEXIS 2602, at *6.

The reasoning of the state appellate court is somewhat incomplete. As noted by the trial prosecutor, the only alibi witness to testify at trial was eleven-year-old Deja Payton. The prosecutor forcefully argued that if the alibi were true, one would expect the mother of the child to corroborate her young daughter's testimony. The fact that the mother did not testify opened up the alibi defense to attack. Accordingly, it is troubling and unpersuasive to label Cook's proposed testimony as "cumulative." If Cook had testified in accordance with her affidavit, it would no doubt have provided a benefit to the defense. The failure to investigate an alibi witness, when the alibi witness offered to testify on the defendant's behalf, has been held to be objectively unreasonable. *See Poindexter v. Booker*, 301 Fed. Appx. 522, 528-529 (6th Cir. 2008) (where alibi witnesses approached trial counsel, and trial counsel was not receptive or interested in their testimony, and did not investigate the alibi witnesses further, trial counsel's investigation was objectively unreasonable).

The problem for Petitioner's claim, however, is that there is no indication in the record that

15

his trial counsel did not investigate the possibility of calling Cook to testify but rejected it for some unknown but strategically sound reason. Cook's affidavit does not indicate that she was never contacted by defense counsel, nor does it indicate that she was willing to testify on Petitioner's behalf. Indeed, it seems very unlikely that defense counsel would have been able to interview and then present Cook's daughter as an alibi witness without Cook's cooperation.

Recently, the Supreme Court held that habeas review of a state court decision rejecting a claim on the merits is limited to the record that was before the state court that adjudicated the claim. *Cullen v. Pinholster*, U.S. , 131 S. Ct. 1388, 1398, 179 L. Ed. 2d 557 (2011). "In other words, a federal habeas court may not rely on evidence introduced for the first time in that court and reviewed by that court in the first instance to determine that a state court decision was 'contrary to' to or an 'unreasonable application of' clearly established federal law." *Robinson v. Howes*, 663 F.3d 819, 823 (6th Cir. 2011) (citing *Pinholster*, 131 S. Ct. at 1399).

As stated above, to demonstrate ineffective assistance of counsel, Petitioner bears the burden of proving that his counsel's failure to call Cook fell "outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. Counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Id.* at 690. Petitioner has made no evidentiary proffer, either in the state court or to this Court, that his counsel's failure to call Cook was the result of deficient performance. Cook's affidavit contains alleged facts that are relevant to the prejudice prong of the *Strinkland* test. But there is no allegation that trial counsel did not contact Cook, interview her, and then chose not to present her for some unknown but reasonable strategic reason. Based on the record presented to the state court–which is all that this Court is allowed to consider under

16

*Cullen*–Petitioner has not shown that the Michigan Court of Appeals's decision constituted an unreasonable adjudication of this claim.

**F. Failure to Request Jury Instruction**

Petitioner's sixth claim asserts that his counsel was ineffective for failing to request a special jury instruction warning the jury about the unreliability of eyewitness identification testimony. This claim was raised by Petitioner's appellate counsel during his appeal of right. The Michigan Court of Appeals reasonably rejected it on the merits.

Counsel was not ineffective for failing to request an additional instruction. It should be noted that an instruction on the relative reliability of eyewitness testimony is not required by the Constitution, nor is there any clearly established Federal law requiring such an instruction. *Schnorr v. Lafler*, No. 05-74644, 2008 U.S. Dist. LEXIS 31543, 2008 WL 1766669, *11, n.4 (E.D. Mich. Apr. 17, 2008). Furthermore, Michigan law does not require such an instruction because the standard jury instructions adequately address concerns with eyewitness testimony. *See People v. Cooper*, 236 Mich. App. 643 (1999).

Here, the instructions as a whole adequately informed the jurors of the dangers of identification testimony. The instructions were sufficient to protect Petitioner's rights in that they provided guidelines for evaluating the credibility and reliability of the victims' identification of Petitioner. The trial court instructed the jury that they should rely on their own common sense and everyday experiences in deciding which testimony to believe. They were instructed to consider the witnesses' ability to see and hear clearly, the duration of their observations, and whether the conditions were distracting. The jury was furthermore instructed to consider how the witnesses acted during their testimony, and whether they appeared to be making an honest effort. The

instructions fully and fairly informed the jury on how they should judge the testimony, and therefore Petitioner's counsel did not perform deficiently by failing to request further instructions. The decision of the Michigan Court of Appeals was therefore reasonable, and the claim is without merit.

## VI. Certificate of Appealability

A petitioner must receive a certificate of appealability ("COA") in order to appeal the denial of a habeas petition for relief from either a state or federal conviction. 28 U.S.C. §§ 2253(c)(1)(A), (B). A court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)(citation omitted). In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id.* at 336-37. The Court concludes that jurists of reason would not find the Court's assessment of Petitioner's claims debatable or wrong. The Court thus declines to issue Petitioner a certificate of appealability. The Court, however, will grant Petitioner permission to proceed in forma pauperis on appeal because such an appeal would not be frivolous.

## VII. Conclusion

For the reasons stated above, the state courts' rejection of Petitioner's claims did not result in a decision that was contrary to Supreme Court precedent, an unreasonable application of Supreme Court precedent, or an unreasonable determination of the facts. Accordingly, the petition for a writ of habeas corpus is **DENIED.**

## VI. Order

Based upon the foregoing, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** That a certificate of appealability is **DENIED.**

**IT IS FURTHER ORDERED** that petitioner is **GRANTED** leave to appeal *in forma pauperis.*

        s/Gerald E. Rosen
        Chief Judge, United States District Court

Dated: May 2, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 2, 2012, by electronic mail and upon Carlos Duley, #351764, Gus Harrison Correctional Facility, 2727 E. Beecher Street, Adrian, MI 49221 by ordinary mail.

        s/Ruth A. Gunther
        Case Manager